# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| LINDA CHRISTINE ELLIOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 12-00682-N |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security,[1] | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Linda Christine Elliott brings this action, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). The parties have consented to the exercise of jurisdiction by the undersigned United States Magistrate Judge for all proceedings in this Court pursuant to 28 U.S.C. § 636(c). (*See* Doc. 18 ("In accordance with provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case, including . . . order the entry of a final judgment, and conduct all post-judgment proceedings.").) Upon consideration of the administrative record ("R.") (Doc. 11), Elliott's brief (Doc. 12), the Commissioner's brief (Doc. 15), and the arguments presented at the hearing held July 12, 2013 (*see*

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Colvin is substituted for Michael J. Astrue as the proper defendant in this case.

Doc. 19), it is determined that the Commissioner's decision denying Elliott benefits should be **REVERSED AND REMANDED** for further proceedings not inconsistent with this decision.[2]

## I. Procedural Background

On April 1, 2009, Elliott filed applications for DIB and SSI (R. 151-164), alleging disability beginning October 19, 2004 (*see* R. 151, 155). Her applications were initially denied. (*See* R. 48-61.) A hearing was then conducted before an Administrative Law Judge on April 14, 2011 (*see* R. 30-47). On April 25, 2011, the ALJ issued a decision finding Elliott was not disabled (R. 12-29), and she sought review from the Appeals Council. The Appeals Council issued its decision declining to review the ALJ's determination on September 5, 2012 (*see* R. 1-4)—making the ALJ's determination the Commissioner's final decision for purposes of judicial review, *see* 20 C.F.R. § 404.981—and a complaint was filed in this Court on October 29, 2012 (*see* Doc. 1).

## II. Standard of Review and Claims on Appeal

In all Social Security cases, the plaintiff bears the burden of proving that he or she is unable to perform his or her previous work. *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986). In evaluating whether the plaintiff has met this burden, the examiner must consider the following four factors: (1) objective medical facts and

---

[2] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Doc. 18 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.").)

clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the plaintiff's age, education, and work history. *Id.* Once the plaintiff meets this burden, it becomes the Commissioner's burden to prove that the plaintiff is capable—given his or her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985). Although at the fourth step "the [plaintiff] bears the burden of demonstrating the inability to return to [his or] her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted).

The task for this Court is to determine whether the ALJ's decision to deny plaintiff benefits is supported by substantial evidence. Substantial evidence is defined as more than a scintilla, and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "In determining whether substantial evidence exists, [a court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Courts are precluded, however, from "deciding the facts anew or re-weighing the evidence." *Davison v. Astrue*, 370 Fed. App'x 995, 996 (11th Cir. Apr. 1, 2010) (per curiam) (citing *Dyer v. Bernhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). And, "[e]ven if the evidence preponderates against the Commissioner's findings, [a court] must affirm if the decision reached is supported by substantial

3

evidence." *Id.* (citing *Crawford v. Commissioner of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004)).

On appeal to this Court, Elliott asserts two separate claims:

1. The ALJ failed to fulfill his duty to develop the record when he failed to obtain copies of updated medical records where the claimant testified that she attended a local mental health clinic as well as noting the clinic attendance dates on forms sent to her to complete by the ALJ; and

2. The ALJ erred by adopting the consulting psychologist's opinion and giving his opinion determinative weight, along with that of a non-examining state agency psychologist, without acknowledging that the psychologist stated that one of her diagnoses was mental retardation.

(Doc. 12 at 2.) Because the Court has determined that the decision of the Commissioner should be reversed and remanded for further proceedings based on Elliott's first claim, there is no need to consider her second. *See Robinson v. Massanari*, 176 F. Supp. 2d 1278, 1280 & n.2 (S.D. Ala. 2001); *cf. Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985) ("Because the 'misuse of the expert's testimony alone warrants reversal,' we do not consider the appellant's other claims.").

### III. Discussion

#### A. The ALJ's Decision.

The ALJ found that Elliott had multiple severe impairments including "somatization disorder[ and] personality disorder" (*see* R. 17-18), but concluded that she

> has the residual functional capacity to perform a range of medium work. She can never climb ladders, ropes, or scaffolds; never crawl; occasionally kneel and crouch; never operate foot controls; occasionally perform fine manipulation; understand, remember, and carry out

4

simple one and two step instructions on a frequent basis; understand, remember, and carry out detailed instructions on an occasional basis; and occasionally interact with the general public.

(R. 19.)

In discussing his rationale in support of the RFC assessment, the ALJ opined that, "[i]n terms of [Elliott's] mental impairments, [her] allegations are not fully supported by the evidence."

> Although [Elliott's] substance abuse has been a persistent aggravating factor to her other impairments, the claimant's reports of periodic abstinence and substantial abstinence are inconsistent with each other. She does appear to have ongoing substance abuse and her primary limitations have been the result of that impairment. However, [she] also has been diagnosed with somatization disorder and personality disorder with avoidant and dependent features . . . .

(R. 22.) The ALJ then goes on to note that, as to her mental health, Elliott "has sought very limited treatment."

> She reported that she takes Zoloft for her depression. Her only identified treating sources is her family practitioner who is an osteopathic physician. He has provided substantially no treatment. There is no evidence of any recommendations for mental health treatment or requests for mental health treatment sought by the claimant.

(*Id.* (record citation omitted).)

On appeal, Elliott contends that, while she sought treatment at a mental health clinic in the past (*see* R. 35-36), at the time of the hearing before the ALJ, she was not receiving treatment, but testified that she needed to go back into treatment (*see* R. 36). Moreover, Elliott indicated, in response to a form sent to her by the ALJ prior to the hearing, that Dr. Jenkins and Therapist Wanda White had treated her at Southwest Alabama Mental Health in Summer 2010 (June 9 to August 1). (*See*

5

R. 214 ("Dr. Jenkins and Wanda White, Therapist, so far just see depression, but haven't seen me long enough to know how bad.").) On the same page Elliott references Dr. Jenkins and Therapist White, she also mentions Dr. Kouns, indicating that she saw him on September 3, 2010. At the hearing, the ALJ acknowledged the form/response and even questioned whether "office notes" needed to be obtained from Dr. Kouns, but the ALJ failed to mention Dr. Jenkins/Therapist White. (*See* R. 44-45 (ALJ: "Counsel, I really don't have any other questions. The one thing that I think we're missing are any office notes that Dr. Kouns has. It sounds as though the claimant has seen him on a number of occasions and it may be that he didn't have any office notes. . . . [After counsel acknowledged he would check with Dr. Kouns's office, the ALJ responded,] That'd be good because ***I was looking at the recent medical treatment form*** that [Elliott] filled out and it did, you know, at least make that statement or it did have a piece in there that he was seeing her in September of 2010. . . .").)

### B. A Claimant's Burden to Prove Disability <u>*Versus*</u> an ALJ's Duty to Develop the Record.

While "the burden is on [Elliott] to prove [s]he is disabled[,]" *Sellers v. Barnhart*, 246 F. Supp. 2d 1201, 1210 (M.D. Ala. 2002),[3] there also is no doubt that

---

[3] There, the court cited § 404.1512(s), which provides:

In general, you have to prove to us that you are blind or disabled. Therefore, you must bring to our attention everything that shows that you are blind or disabled. This means you must furnish medical and other evidence that we can use to reach conclusions about your impairment(s) and, if material to the determination of whether you are blind or disabled, its effect on your ability to work on a sustained basis.

6

"[a]n administrative law judge has a duty to develop a full and fair record." *Sims v. Astrue*, Civil Action No. 3:09cv366–CSC, 2010 WL 2952686, at *2 (M.D. Ala. July 26, 2010) (citing *Kelley v. Heckler*, 761 F.2d 1538 (11th Cir. 1985)); *accord Salazar v. Commissioner of Soc. Sec.*, 372 Fed. App'x 64, 67 (11th Cir. Apr. 6, 2010) (per curiam) (citing *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (per curiam)); *Waits v. Astrue*, No. CV 12–J–2371–NE, 2013 WL 625311, at *4 (N.D. Ala. Feb. 20, 2013) ("The ALJ **always** has an **affirmative** duty to develop a fair, full record." (citing *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997) (emphasis added)))[4]; *compare Williams v. Commissioner of Soc. Sec.*, No. 6:09–cv–1129–Orl–28GJK, 2010 WL 2432032, at *9 (M.D. Fla. May 24, 2010). ("Although the ALJ has the duty to fully develop the record, the Claimant carries the burden of establishing he is disabled." (citing *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991))), *with Carroll v. Astrue*, No. 1:09–CV–1232, 2010 WL 2643420, at *3 (N.D. Ohio July 1, 2010)

---

*Id.*

[4] In this regard, the Supreme Court has noted, "Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 110–11 (2000). And the Eleventh Circuit has observed,

> The SSA is perhaps the best example of an agency that is not based to a significant extent on the judicial model of decisionmaking. It has replaced normal adversary procedure with an investigatory model, where it is the duty of the ALJ to investigate the facts and develop the arguments both for and against granting benefits; review by the Appeals Council is similarly broad. The regulations also make the nature of the SSA proceedings quite clear. They expressly provide that the SSA "conducts the administrative review process in an informal, nonadversary manner."

*Crawford & Co. v. Apfel*, 235 F.3d 1298, 1304 (11th Cir. 2000) (citing *Sims* and quoting 20 C.F.R. § 404.900(b)).

("Generally, the ALJ has a duty to develop a reasonable record, and the ALJ must look fully into the issues. 20 C.F.R. §§ 404.944, 416.1444. However, the claimant has the burden of providing a complete record with enough evidence and detail to enable the ALJ to make a disability determination. 20 C.F.R. § 416.912." (some citations omitted)). And, importantly, an ALJ is not relieved of his duty to develop a full and fair record just because a claimant is represented by counsel. *See, e.g., Freel v. Astrue*, No. 3:10–cv–01164–MCR, 2012 WL 628463, at *6 (M.D. Fla. Feb. 27, 2012) ("While the Commissioner is correct the plaintiff has the burden of proving his disability, it is similarly true that the ALJ has a duty to develop a full and fair record, even when the plaintiff is represented by counsel."); *cf. Carroll*, 2010 WL 2643420, at *4 (rejecting duty to develop the record argument on appeal where the claimant's "the attorney specifically told the ALJ that there are no medical records in the file regarding the back pain, and that there was only Plaintiff's testimony").

"In determining whether it is necessary to remand a case for development of the record, [a court should] consider[] 'whether the record reveals evidentiary gaps which result in unfairness or clear prejudice.'" *Salazar*, 372 Fed. App'x at 67 (quoting *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995) (per curiam)); *see also Cox v. Astrue*, No. 5:11–CV–02319–LSC, 2012 WL 4008953, at *5 (N.D. Ala. Sept. 12, 2012) ("Plaintiff must show that the lack of records created an evidentiary gap, resulting in unfairness or clear prejudice." (citing *Edwards v. Sullivan*, 937 F.2d 580, 586 (11th Cir. 1991))).

### C. Here, a Clear Evidentiary Gap Prejudices Elliott and Necessitates Remand.

In determining whether remand is appropriate in cases such as this one, the Court must balance an ALJ's duty to develop a full and fair record against a claimant's responsibility to prove disability. The facts of this case, considered against the nonadversarial nature of Social Security administrative proceedings, tip the balance in favor of remand. The Court simply cannot say that the ALJ's RFC assessment—justified in part on the incorrect conclusion that "[t]here is no evidence of any . . . requests for mental health treatment sought by [Elliott]" (R. 22)—is supported by substantial evidence when the record before the ALJ belies that conclusion. (*Compare* R. 22, *with* R. 44-45, 214.)

### IV. Conclusion

Accordingly, it is **ORDERED** that the decision of the Commissioner of Social Security denying Elliott benefits be **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89 (1991), for further proceedings not inconsistent with this decision. The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *see Shalala v. Schaefer*, 509 U.S. 292 (1993), and terminates this Court's jurisdiction over this matter.

**DONE** and **ORDERED** this the 18th day of September, 2013.

> */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**